## GIROD v. HIS CREDITORS.

A claim for real estate cannot be compensated against sums due by promissory notes. C. C. 2205.

Reconventional demands are not exceptions within the meaning of the rule, *Quæ temporalia sunt ad agendum, perpetua sunt ad excipiendum*. The only exceptions to which that rule applies, are those which are attached to the action and inseparable from the demand.

The rights of the creditors to plead prescription against notes of an insolvent which had been prescribed before the failure, cannot be affected by the fact of the insolvent's having placed them on his *bilan*. C. C. 3429.

Where an appeal taken from a judgment homologating a tableau of distribution filed by the syndic of an insolvent estate was not granted in open court, none but the parties cited will be presumed to have had notice of it.

Arts. 592, 898, of the *Code* of Practice, which authorise an appellee, though he had not appealed from the judgment of the lower court, to pray that it may be reversed on those points in which he believes that he has been aggrieved, apply only where all the parties have been cited on the appeal, and all the issues tried in the first instance are appealed from.

In the general administration of the effects of an insolvent, the syndic represents the creditors, but in the *concurso* they act in their own names. The decision upon each claim is a separate judgment, belonging to the party in whose favor it is rendered, which cannot

be disturbed on appeal unless that party be cited. The syndic may appeal from the judgment rendered upon any one claim, and litigate it with the holder; if he does not, any creditor may; but if neither appeal, there can be no adjudication upon their rights in the Supreme Court.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. The facts of this case are stated in the opinion, *infra*.

*Roselius*, for the appellants. *Biron*, one of the appellees, *pro se*.

*L. Janin*, appeared for himself, for the syndic, and another appellee. The notes made by the insolvent were prescribed at the time of filing his *bilan*; the acknowledgment of them on the *bilan* cannot affect the creditors. *Larthet* v. *Hogan*, 1 An. R. 330.

The plea of .compensation is inadmissible. Art. 2263 of the Civil Code, the same as art. 1291 of the French Code, says: "Compensation takes place only between two debts, having equally for their object a sum of money, or a certain quantity of consumable things, of one of the same kind, and which are equally liquidated and demandable." Here, real estate, and not a sum of money or a quantity of consumable things, was due by *Nicolas .Girod*. See also Pothier, Obligations, no. 624. Toullier, vol. 7, 'nos. 364–6. Rolland de Villargues, vol. 2, *Vo*. Compensation, p. 258. The two debts, were not equally liquidated and demandable, which can take place only in relation to sums of money and " consumable things." 12 Duranton, p. 512, nos. 398, 399. *Lacoste* v. *Bordères et al.* 7 Mart. N. S. p. 516. The debt of the insolvent was prescribed, when *Girod's* executors proposed to compensate it. Rolland de Villargues, *verbo* Compensation, vol. 2, p. 258, no. 21. 12 Duranton, p. 516, no. 408. Merlin, Questions de Droit, *Vo*. Compensation. These authorities show, that under .such circumstances as are exhibited by this case, a prescribed debt cannot be offered in compensation.

Art. 2207 of the Civil Code (the same as art. 1293 of the french Code) says.: "Compensation takes place, whatever be the .causes of either of the debts, except in case : 1st. Of a demand of restitution of a thing of which the owner has been injustly deprived. 2d. Of a demand of restitution of .a deposit, &c. &c. The circumstances from which this plea of compensation arises show, that the executors attempt to offer in compensation real estate, of which the heirs of *Claude François Girod* had been injustly deprived, since 1813. Rolland de Villargues, vol. 2, p. 259, no. 24. And finally, this real estate was in the hands of *Nicholas Girod*, as testamentary executor, that is to say as a depositary. See the authorities above cited, and Pothier, Obligations, no. 625. *Amelung's Syndics* v. *Bank of the United States*, 1 Mart. p. 3.

The judgment of the court was pronounced by

ROST, J. The executors of *Nicholas Girod* have appealed from a judgment homologating a tableau of distribution filed by the syndic in this case, and setting aside their claim to compensate the sum of $2.807, being the amount of five promissory notes subscribed by the insolvent in favor of *Nicholas Girod*, in 1833, against an equal amount of the share of the insolvent in the succession of *Claude F. Girod*, for which the appellants are bound to account, under the decree of the Supreme Court of the United States in the case of *Michou et al.* v. *Girod et al.*, 4 Howard's Rep. 503.

The claim of the heirs of *Claude F. Girod* was for real estate, and cannot be compensated with sums of money due on promissory notes. C. C. 2205. The claim of the executors of *Nicholas Girod* is in the nature of a reconventional demand, tending to establish compensation, and affecting in no manner the rights of the insolvent under the judgment of the Supreme Court of the United States. Reconventional demands are not exceptions within the meaning of the rule *Quæ temporalia*, as contended by the appellants. If the laws of prescription could be evaded, by thus disguising principal demands, those laws would become in most cases inoperative. The only exceptions to which the rule *Quæ temporalia* applies, are those which are attached to the action and inseparable

GIROD
*v.*
CREDITORS.

from the demand. They must, in the language of commentators, *be visceral.* 2d Troplong. Presc. no. 833.

More than five years had elapsed after the maturity of those notes when the insolvent failed; and the fact that he placed them on his *bilan* cannot affect the rights of the other creditors in the fund to be distributed. They may plead prescription, if he does not. C. C. 3429.

The appeal in this case was not granted in open court, and none but the parties cited are presumed to have had notice of it. The only issue formed before this court, is in relation to the claim which we have already considered; and although any of the parties cited may come into court and ask that the judgment be amended in relation to that claim, they cannot do so for the purpose of litigating the claims of creditors not made parties to the appeal, or of establishing claims rejected by the court below, and having no connection with that of the appellants. The error which has produced this confusion, arises from considering the decree homologating the tableau as one entire judgment, whilst it is in reality composed of many distinct adjudications, one of which only is appealed from.

The dispositions of art. 592 and 888 of the Code of Practice are exclusively applicable to cases in which all the parties have been cited, and all the issues made in the first instance are appealed from.

In a case lately determined all the parties but one were before us, and, as the appeal had been taken by motion, we held that this party had notice of it, and should be considered as an appellee within the intent of the articles of the Code of Practice. The opposing creditors in this case cannot be so considered, beyond the single issue appealed from.

In the general administration of the effects of the insolvent, the syndic represents the creditors; but in the *concurso*, the creditors act in their own names. The decision of the court upon each claim is a separate judgment, which belongs to the party in whose favor it is rendered, and which cannot be disturbed on appeal, unless that party be cited. The syndic may undoubtedly appeal from the judgment rendered upon any one claim, and litigate it with the holder; if he does not, other creditors may. But if neither the syndic nor any of the creditors appeal, the parties are not properly before us, and we cannot adjudicate upon their rights.

The very object of the proceeding in *concurso* would be defeated, if, after the creditors had established their claims contradictorily with each other in the first instance, those claims could be adjudicated upon, *ex parte*, in the last resort. The parties before us have taken this view of the law, as they have not deemed it necessary to make the syndic a party to the appeal.

In cases like this, parties considering themselves aggrieved by a judgment, must appeal, and make proper parties. It is our endeavor to foster liberality in the professional intercourse of the bar, but we deem it a duty to discourage looseness of practice, on all proper occasions.

*Judgment affirmed.*