O’NIELL, C. J.
 

 . The Rapides Grocery Company sued B. W. Clopton for $20S on an open account for cotton seed sold to Clopton, amounting to $450, less $250 paid on account, and plus $8 interest. The interest item is not in dispute. Clop-ton admitted, in answer to the suit, that the account was correct as far as it went, but averred that he, being a farmer, had bought also from the Rapides Grocery Company, at the same time v’hen he bought the cotton seed, 40 bushels of soy beans, for seed, at $4.50 per bushel, amounting to $180; and that, notwithstanding an express and implied guaranty that the soy beans were sound and would germinate, and notwithstanding they were properly planted, they did not germinate, and, in consequence, he failed to produce a crop of soy beans on his farm that season. Hence he set up a reconventional demand for damages, for $4,000, which he claimed would have been the net profit on the crop which he would have made from the soy beans if they had been fit for seed. When the suit was' filed, more than a year had elapsed since Clopton had complained that the soy beans had not sprouted. The plaintiff, grocery company, therefore, pleaded that the defendant’s reconventional demand for damages was barred by the prescription of one year, under articles 2534 and 2546 of the Civil Code. The district judge considered the plea of prescription well founded, but withheld his decree until he had heard the evidence, and then sustained the plea, rejected Clopton’s reconventional demand, and gave judgment for the grocery company for the $208 sued for, with legal interest from judicial demand and the costs of court. Clopton appealed to the Court of Appeal, and that court affirmed the judgment in favor of the grocery company for $208, but reversed the judgment in so far as the district judge had sustained the plea of prescription against Clopton’s reconventional demand; and the Court of Appeal, 125 So. 325 and 129 So. 257, therefore, overruled the plea of prescription, and, by allowing Clopton damages to the extent of exactly $208, offset the judgment in favor of the grocery company and condemned the company to pay the costs in both courts. The case is before us on a writ of review issued at the instance of the grocery company.
 

 
 *635
 
 We agree with the district judge that Clopton’s reconventional demand for damages is barred by the prescription of one year. The demand is founded upon redhibition — the annulling of a sale because of a defect in the thing sold. Rev. Civ. Code, art. 2520. Article 2531 of the Code declares that, if the seller was in good faith, not knowing of a defect in the thing sold, his liability for such a defect is merely to return the price and to reimburse the buyer for the expenses of the sale, and for such expenses as may have been incurred for the preservation of the thing sold. Article 2545 declares that, if the seller knew of the defect in the thing sold and failed to make it known to the buyer, the seller is liable in damages, as well as for the return of -the price and the expenses. Such damages are, essentially, of the character of damages arising ex delicto. According to article 2534 of the Code, the redhibitory action is barred by the prescription of one year “commencing from the date of the sale” if .the seller was in good faith; and, according to article 2546, the action is barred by the prescription of one year commencing from the discovery of the defect in the thing sold, if the seller knew of the defect and neglected to inform the buyer. As the defendant, Clopton, did not sue for damages within the year after he discovered that the soy beans were worthless — if in fact they were worthless — his demand for damages is barred by the prescription of one year, even if it should be assumed that the seller knew that the beans were worthless.
 

 The Court of Appeal cited, and rested its decision upon, the rulings in the following cases, where this court applied the rule, “Quae temporalia sunt ad agendum perpetua sunt ad exeipiendum,” viz.: Thompson v. Milburn, 1 Mart. (N. S.) 468; Davenport’s Heirs v. For-tier, 3 Mart. (N. S.) 695; Bushnell v. Brown’s Heirs, 4 Mart. (N. S.) 499; Paxton v. Cobb, 2 La. 137; Nichols v. Hanse & Hepp, 2 La. 382; Girod v. His Creditors, 2 La. Ann. 546; Gillespie v. Cammack, 3 La. Ann. 248; Lafiton v. Doiron, 12 La. Ann. 164; Riddle v. Kreinbiehl, 12 La. Ann. 297; Davis v. Millaudon, 14 La. Ann. 868; Edwards & Kurz v. Plaquemine Ice & Cold Storage Co., 46 La. Ann. 360, 15 So. 61; and Frantom v. Nelson, 142 La. 850, 77 So. 767. In every one of the eases cited — except Girod v. His Creditors, and Gillespie v. Cammaek, where the decisions were contrary to the ruling made in the present case, and except Frantom v. Nelson, which is not appropriate — the plaintiff sued for the price of the thing sold, and the defendant demanded a return or reduction of the price on account of a defect in quality or deficiency in quantity of the thing sold. In a suit for the price of a thing sold, redhibition may be urged as a defense, or want of consideration, even though the action for redhibition would be otherwise barred by the prescription of one year. But in a suit on another cause of action — other than for the price of the thing sold — the cause of action for redhibition cannot be urged as a defense, or as a reconventional demand, when a separate action for tho redhibition would be barred by prescription. In one of the cases cited by the Court of Appeal, Girod v. His Creditors, it was said:
 

 “Reconventional demands are not exceptions within the meaning of the rule Quae temporalia, as contended by the appellants. If the laws of prescription could be evaded, by thus disguising principal demands, those laws would become in most cases inoperative. The only exceptions to which the rule Quae temporalia applies are those which are attached to the action and inseparable from the demand. They must, in the language of commentators, be visceral. 2d Troplong, Prese. No. 833.”
 

 
 *637
 
 This suit is not for the price of the soy beans which the plaintiff sold to the defendant, but only for a balance due on the price of two shipments of cotton seed sold by the plaintiff to the defendant. In fact the defendant’s reconventional demand is not for a return or' reduction of the price of the soy beans. His reconventional demand is for damages, for his failure to make a crop from the beans which he bought and planted, and which he alleges failed to germinate. It is said in one of the briefs filed in this case that the reason why the soy beans were not charged for, on the account sued on, is that the defendant paid the price of the beans. The record does not show that the beans were paid for. On the contrary, it seems that they were not charged for. When the defendant complained to the plaintiff that the soy beans had not sprouted and were worthless, he had planted only 20 bushels, which was only half of the quantity which he had bought; and, after considerable correspondence, the plaintiff offered to give him credit for the remaining 20 bushels of beans if he would return them. He could not return them, because his hogs had broken and entered the house where the beans were stored, and had ripped open the sacks, and not only spilled the beans, but, hoglike, devoured them. It is not important, however, whether the defendant paid for the beans or was not charged for them. The important fact is that this is not a suit for the price of the beans, and hence the doctrine, “Quae temporalia sunt ad agendum perpetua sunt ad excipiendum,” is unavailing against the statute of limitations. Girod v. His Creditors, 2 La. Ann. 546; Boeto v. Laine, 3 La. Ann. 141, citing Troplong, Prescriptions, No. 833; Chadwick v. Menard, 104 La. 38, 28 So. 933; Roper v. Monroe Grocer Co., 171 La. 181, 129 So. 811.
 

 The Court of Appeal refers to the fact that the plaintiff and defendant are domiciled in different parishes, and cites the proviso in article 375 of the Code of Practice that, if the plaintiff in a suit resides out of the parish in which the suit is brought, the defendant may set up a demand in reconvention “for any cause, although such demand be not necessarily connected with, or incidental to the main cause of action.” That is merely an exception to the general rule stated in the first paragraph of thé article that a reconventional demand must be “necessarily connected with and incidental to” the plaintiff’s demand. The expression “for any cause” does not mean that a cause of action which would be barred by a statute of limitation, or which, for any other reason, would be unavailing, if a suit on it were brought at the domicile of the alleged obligor, must prevail if urged as a re-conventional demand in a suit brought by a nonresident of the parish where the suit is brought.
 

 The judgment of the Court of Appeal, in so far as it overrules the plaintiff’s plea of prescription against the defendant’s reconventional demand and allows his demand to the extent of $208, is annulled; the plea of prescription is sustained, and the defendant’s re-conventional demand rejected; the judgment of the district court in favor of the plaintiff is reinstated and made the judgment of this court; and, accordingly, it is ordered, adjudged, and decreed that the plaintiff, Rapides Grocery Company, Inc., recover of and from the defendant, B. W. Clopton, $208, with interest thereon at 5 per cent, per annum from the 2d of June, 1927, and all court costs.