## FOSTER MFG. CO., Inc., v. GERTH.
### · No. 14204.

Court of Appeal of Louisiana. Orleans.
Oct. 31, 1932.

Geo. Montgomery, of New Orleans, for appellant.

Sanders, Baldwin, Viosca & Haspel and Robert Weinstein, all of New Orleans, for appellee.

WESTERFIELD, J.'

This is a suit on an open account in the sum of $216. Defendant admits the correctness of the account sued on, but sets up the following claim by way of compensation or set-off: He alleges that in February, 1930, the plaintiff corporation installed a sail for him on his schooner Starland, and at that time he informed plaintiff that the sail was intended to be used in a race with other boats from St. Petersburg, Fla., to Havana, Cuba, in March, 1930; that the Starland started in the race and was considerably in the lead of the other boats when its sail was torn apart by the wind, which was not of unusual velocity at the time; that defendant's boat was defeated in the race by nine minutes, whereas but for the inferior workmanship of plaintiff "his boat would have won the race and the trophy emblematic of victory named 'The Brocardi (Baccardi) Cup' which is of considerably greater value than (the) amount herein sued for."

When the case came up for trial, plaintiff's counsel objected to the admission of evidence upon the ground that the claim pleaded by defendant in compensation was prescribed, which objection was sustained and defendant's testimony concerning his claim in compensation excluded. Judgment was thereupon rendered in plaintiff's favor as prayed for, and defendant's plea in compensation denied. Defendant has appealed.

It is conceded that, at the time the suit was filed, July 6, 1931, more than one year had elapsed since the accrual of the alleged damages pleaded in compensation by defendant for the loss of the boat race which occurred in March, 1930, consequently, the prescription of one year applicable to actions ex delicto had accrued, but counsel contends that, since the claim sued on by plaintiff was in existence at the time he lost the boat race, there was, under the authority of article 2208 of the Civil Code, an automatic extinguishment pro tanto, and that his claim, which would otherwise be lost by prescription, may be pleaded in compensation because, "The claim so pleaded was not barred by prescription when the counterclaim arose and extinguished it by the effect of the law of compensation." He relies on Oilbelt Motor Company v. Geo. T. Bishop, Inc., 167 La. 183, 118 So. 881, 883, where it was said that: "The plea in compensation has a retroactive effect, as of the date when plaintiff and defendant became indebted to each other; hence neither of the reciprocal claims is barred by prescription unless it was subject to the plea of prescription before the other claim arose. Millaudon v. Lesseps, 17 La. Ann. 246; Lewy v. Wilkinson, 135 La. 107, 64 So. 1003." That case is authority for the principle that the bar of prescription is sometimes removed when a claim is asserted defensively, but in that case the claim pleaded in compensation against the suit on an open account was another open account due by plaintiff to defendant.

In the case at bar, plaintiff sues for the balance of the purchase price of certain awnings and for labor in connection with the installing of them. The claim pleaded in compensation is for damages due to the failure of defendant to win a boat race because of a defective sail installed by plaintiff. In other words, plaintiff's suit is on an open account, and the plea in compensation is based upon a tort. The holding in the Oilbelt Case to the effect that a prescribed claim might be the subject of a plea in compensation was a recognition of the doctrine, "Quae temporalia sunt ad agendum perpetua sunt ad excipiendum." But the application of this doctrine is limited to cognate claims inseparable from the original demand.

"They must, in the language of commentators, be visceral. 2d Troplong. Presc. no. 833." Girod v. His Creditors, 2 La. Ann. 546, approved in Rapides Grocery Co. v. Clopton, 171 La. 632, 131 So. 734, 735.

In the last-cited case, where the doctrine was invoked in aid of a claim urged in reconvention based upon redhibition, the court held: "In a suit for the price of a thing sold, redhibition may be urged as a defense, or want of consideration, even though the

action for redhibition would be otherwise barred by the prescription of one year. But in a suit on another cause of action—other than for the price of the thing sold—the cause of action for redhibition cannot be urged as a defense, or as a reconventional demand, when a separate action for the redhibition would be barred by prescription."

In that case defendant's reconventional demand was for damages alleged to be due to the failure of certain soy beans, which had been purchased from plaintiff, as seed beans, to germinate, and the court held that the doctrine "Quae temporalia sunt ad agendum perpetua sunt ad excipiendum" would be unavailing against the bar of prescription, for the reason that the original demand in that suit was not for the price of beans, saying: "The important fact is that this is not a suit for the price of the beans, and hence the doctrine, 'Quae temporalia sunt ad agendum perpetua sunt ad excipiendum,' is unavailing against the statute of limitations."

Plaintiff's claim, in the case before us, is not for the price of a sail, or of a sailboat, but for awnings which had no relation to sails, sailboats, sailing races, or trophies; consequently the doctrine "Quae temporalia, etc.," will not relieve the defendant of the effect of the running of prescription. He could not maintain a separate action at the time he asserted his claim in compensation, and because of its unrelated character cannot use it defensively under the doctrine "Quae temporalia" because it was not cognate or "visceral."

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.