This is an action in which plaintiff seeks to recover for damages received by his automobile as the result of a collision with an automobile owned by the defendant, driven by a Negro employee. Defendant made a claim in reconvention for damages to his automobile. After trial there was judgment rejecting the demands of both plaintiff and defendant, from which judgment plaintiff has brought this appeal.
[1, 2] The accident which is the basis of this suit occurred on or about the 21st day of June, 1946, about the noon hour, on Highway 80. Plaintiff was driving his car west along said highway when a sudden and extremely heavy rain caused the windshield and door glasses of his car to become clouded. Plaintiff stopped his car in the highway, with the right wheels some four feet more or less from the right edge of the paved portion of the highway, with the intention of wiping the mist from the windshield and glasses of the vehicle. Within a short time after plaintiff's car was brought to a stop it was struck from the rear by defendant's car. Both cars were more or less seriously damaged and plaintiff claims the sum of $196.40 as costs of repair, while defendant's reconventional demand fixes his damages in the sum of $74.35.
As stated by the District Judge in his written reasons for opinion, this case presents a question of fact upon which the testimony of plaintiff and the testimony of defendant's driver, who were the only witnesses to the immediate circumstances surrounding the collision, is contradictory and irreconcilable. Plaintiff testified that he had been stopped for an appreciable period of time, which he estimated at between one and three minutes, but which estimate he qualified by the statement that it might have been a less time.
There can be no dispute as to the physical fact that plaintiff did stop his automobile on the highway at some little distance from the right-hand edge thereof, and that he did not observe, nor could he observe, by reason of the misted condition of his car glass, following traffic. It is equally obvious that defendant's driver was negligently proceeding at a speed of some forty miles per hour on a slippery highway in a downpour of rain and failed to observe plaintiff's car until too late to avoid the collision.
Under these facts we are quite in agreement with the conclusion of the District Court to the effect that plaintiff was guilty of negligence in bringing his car to a stop on the highway without observing proper precautions and without clearing as much of the highway as possible, and further that defendant's driver was guilty of negligence in proceeding at what was a reckless rate of speed under existing conditions.
[3] It seems quite clear to us that the negligence of both parties directly and concurrently contributed to the accident, by reason of which fact neither should be allowed to recover.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost. *Page 71