GLADNEY, Judge.
Earnest Owen Myrick instituted this suit on November 7, 1952, to recover the amount of a check given him by the defendant, dated November 29, 1947, drawn on the Union Bank of Marksville, Louisiana, for the sum of $145.49.
*66 Plaintiff alleges the check was given in payment for services to be rendered under an oral contract obligating him to move fencing, a chimney, two brick columns, some shrubbery and a butane system from a levee right-of-way granted upon part of plaintiff’s land. The defendant, Cap C. Clark, was under contract with Barber Brothers to clear the right-of-way in advance of the building of a levee. Plaintiff’s contract with the defendant contemplated defendant would first remove the building which had been occupied by plaintiff as a residence and filling station from the right-of-way and plaintiff would then for the sum of $145.49 remove the things above mentioned. Myrick alleges that shortly after the check was given to him he lost it and was unable to locate it for more than two years, and that when he presented it to the Union Bank the latter declined to pay it because of its date. The defendant thereafter refused payment and this suit was brought.
By way of defense Clark avers that although he had such an agreement with plaintiff and delivered to him the check, plaintiff failed to timely remove the improvements specified in the agreement and because of his failure to so perform, he, the defendant, was compelled to complete plaintiff’s contract. Defendant also alleges by reconventional demand that he was forced to make two trips to Bienville Parish due to plaintiff’s failure to perform his agreement and thereby he incurred expenses of $200' which he should recover, and further that he was damaged in the sum of $2,000 due to constant complaints by plaintiff to Barber Brothers who refused to give defendant any further contracts.
After the filing of defendant’s reconven-tional demand plaintiff filed first an exception of no cause or right of action leveled at the allegations constituting the recon-ventional demand, and then a plea of prescription of one year predicated on the fact that the reconventional demand was based on a tort action alleged to have arisen more than one year before suit thereon was brought. The exception and.plea of prescription were by the court referred to the merits and after trial judgment was rendered in favor of plaintiff on the principal demand and defendant’s claims under the re-conventional demand were rejected. Thus the judge a quo did not directly pass upon the exception and plea of prescription. An exception of no cause or right of action attacking plaintiff’s petition has been abandoned.
The transcript does not contain a note of evidence but only a stipulation between counsel as to the testimony given upon the trial of the case. This is permissible under Code of Practice Article 602. The stipulation is not too long and we reproduce it as it contains the evidence upon which our judgment must be based:
“1. To change a highway location, the improvements on plaintiff’s property had to be moved.
“2. Defendant had the sub-contract to move the buildings and improvements for the highway contractor, Barber Brothers, from the highway location.
“3. Defendant gave to plaintiff and signed the check which forms the basis of this suit.
“4. Plaintiff testified that he had lost this check for over two years, and when he presented same, the drawee bank turned down payment as ‘stale’; that he did not during that time contact defendant about it or ask for a duplicate; defendant never did stop payment on said check.
“5. Defendant testified that he gave the check to plaintiff to pay him to move fencing, brick columns and shrubbery from the road right-of-way and that plaintiff did not live up to his agreement; that plaintiff has made many complaints to the road contractor, Barber Brothers, in connection with the removal of his improvements; that to satisfy him, the road contractor had to pay about eight hundred dollars in cash, after which he signed a release of claims covering the road contractor and defendant in connection therewith; that this had damaged defendant’s credit and dependability as a contractor and thereafter and because *67 of this, Barber Brothers had refused to give him any other contracts to move buildings and improvements; that this had damaged him to the extent of $2,000.00.
“6. Plaintiff admitted signing the release above referred to but testified that defendant gave him the check in payment for services rendered and after rendition of these services; that he had performed all he was supposed to do for said check and the release signed by him was executed on the supposition that the check would be paid when presented.
“7. Plaintiff and his daughter testified that defendant had given the check to plaintiff to move shrubs, fencing and brick columns and that this had been done; the daughter had helped; that defendant’s check was given after defendant completed his work.
“8. Mr. Bogan and Mr. G. T. Gandy testified for plaintiff that they had installed a Cities Service gasoline tank and pumps at the new location to where plaintiff’s improvements had been moved; that this was done by Cities Service Oil Company at no cost to plaintiff; that these had not been moved by defendant, although improvements on land.
“9. A Mr. Kinard and Mr. Dennis Ferguson testified that they drilled a water well for plaintiff at the new location and that had been paid for by plaintiff.
“10. Three negroes, employees of defendant, Sullivan, Barron and Jacob, testified that they had had to move fencing, shrubs and brick pillars in order to move buildings; that plaintiff might have moved some of these but they had to move the biggest part.
“11. That defendant and his employees testified this job had been done by them in November; that it took about four days to one week to complete their work.
“12. None of defendant’s witnesses substantiated his allegation that he had to return to the location after he left, in order to complete any unfinished work which was supposed to be done by plaintiff; none would testify that they had returned to the location after leaving same in the’first instance.”
The first question we shall consider is whether or not there has been a failure of consideration given for the check sued upon. Plaintiff and his daughter testified that plaintiff did move the shrubs, fencing and brick columns. Other witnesses, Bogan and Gandy, testified as to relocation of the gasoline tank and pumps. Defendant does not fully deny the testimony of these witnesses but relies principally upon the statements of three of his Negro employees, Sullivan, Barron and Jacob, who said that in order to move the buildings they had to remove some of the fence and shrubs and the brick pillars and that they moved the biggest part of these items. The defendant in removing the buildings took only about four days to complete this work, which preceded the services to be rendered by plaintiff. None of defendant’s witnesses corroborated defendant’s statement he had to return and complete plaintiff’s contract after finishing the initial stage of his work.
Paragraph No. 5 of the stipulation recites that defendant testified plaintiff made complaints to Barber Brothers in connection with the removal of his improvements and that following the payment to plaintiff of $800 in cash, plaintiff signed a release of claims to Barber Brothers and defendant. Other details bearing thereon are not to be found in the record. We think it should be observed there were two contracts which particularly affected all of plaintiff’s property situated on the right-of-way. The first of these was between Barber Brothers and defendant and required the removal by defendant of all objects on plaintiff’s land situated on the. right-of-way. The second contract was between defendant and plaintiff wherein plaintiff agreed to remove the items above named and to relieve defendant of performance to this extent only of his obligation to Barber Brothers. Manifestly, the second contract did not relieve defendant from his obligation to move plaintiff’s building which had served as a combination dwelling and *68 filling station. If defendant’s $2,000 demand may be construed as being related to or connected with the contract between the plaintiff and defendant, then we must infer that the release mentioned in Paragraph No. 5 of the stipulation constituted a settlement between plaintiff and defendant as to the items directly related to the principal demand. We have, therefore, concluded the evidence shows plaintiff substantially performed his obligation with the defendant and therefore, is entitled to judgment on the check sued upon.
Included in defendant’s recon-ventional demands were two claims, one for $200, alleged in respondent’s answer as damages sustained when he was forced to send two trucks to Bienville Parish to complete work which plaintiff had agreed to do. It is noted that there is no evidence to sustain this claim. It, therefore, must fail for want of proof. The second claim refers to a loss of anticipated profits in removing other improvements from the right-of-way. In Paragraph No. S of the stipulation it is related the defendant testified plaintiff made many complaints to Barber Brothers “in connection with the removal of his improvements”, and that as a result thereof plaintiff was paid $800 after which a release was given by defendant and that because of this defendant’s credit was damaged and Barber Brothers refused to give him any further contracts. The stipulation does not connect the $800 payment with the contract between plaintiff and defendant and presumably pertains to complaints arising under the contract between defendant and Barber Brothers affecting the removal of plaintiff’s major improvements because it is inconceivable plaintiff could collect $800 from a controversy over the few items, the removal of which was the subject matter of the contract between plaintiff and defendant. It is clear to us, therefore, that the re-conventional demand of $2,000 is not related to the contract between plaintiff and defendant which constitutes the main demand in this instance.
Our holding that defendant’s re-conventional demand for $2,000 is not connected with or incidental to the main demand is not necessarily fatal to his cause of action, for plaintiff is a resident of a different parish from that of the defendant, and in such instances pleading a “disconnected” reconventional demand is allowable under Code of Practice Article 375. The resolution of this point, we think, is also important to our consideration of the plea of prescription. We shall add, however, the demand for $2,000 is not substantially supported by proof. Defendant does not tell how his damages accrued or how he measured his loss. In our opinion the proof thereof falls short of supporting a judgment in his favor for the amount claimed.
A plea of prescription of one year was filed by plaintiff to the $2,000 recon-ventional demand. Counsel for defendant argues that the rule “Quae temporalia sunt ad agendum perpetua sunt ad excipiendum” must be applied and, therefore, the plea is not valid. We find ourselves in disagreement with this contention. In Rapides Grocery Co., Inc. v. Clopton, 1930, 171 La. 632, 131 So. 734, 735, Chief Justice O’Niell, after discussing a number of cited cases supporting the above rule, pointed out that in a suit for the price of a thing sold, red-hibition or want of consideration may be urged as a defense even though the action for redhibition would be otherwise barred by the prescription of one year, but in the case then under consideration the principal demand presented a cause of action other than for the price of the thing sold and, therefore, the cause of action for redhibition could not be urged as a defense or as a reconventional demand when a separate action for redhibition would be barred by prescription. He quoted approvingly from Girod v. His Creditors, 2 La.Ann. 546:
“ ‘Reconventional demands are not exceptions within the meaning of the rule Quae temporalia, as contended by the appellants. If the laws of prescription could be evaded, by thus disguising principal demands, those laws would become in most cases inoperative. The only exceptions to which the rule Quae temporalia applies are *69 those which are attached to the action and inseparable from the demand. They must, in the language of commentators, be visceral. 2d Troplong, Prese. No. 833.’ ”
So in the instant case defendant’s reconventional demand for $2,000 arises from a contract between defendant and Barber Brothers and not from the contract between defendant and plaintiff involving $145.49. It is, therefore, a different cause of action and does not fall within that class of demands in reconvention against which prescription may not be urged.
Our findings herein disclose no error in the judgment from which appealed and recognize plaintiff’s entitlement to recovery on the principal demand. We also approve of the rejection of defendant’s demands in reconvention by the trial court. The judgment considered on this appeal, therefore, is affirmed at appellant’s costs.