77 So.2d 563 (1955)
John M. WALTON
v.
KATZ & BESTHOFF, Inc.
No. 20198.
Court of Appeal of Louisiana, Orleans.
January 17, 1955.
Rehearing Denied February 14, 1955.
Writ of Certiorari Denied March 21, 1955.
Phelps, Dunbar, Marks & Claverie, Sumter D. Marks, Jr., New Orleans, for plaintiff-appellant.
Weiss & Weiss, New Orleans, for defendant-appellee.
JANVIER, Judge.
John M. Walton seeks to recover from Katz & Besthoff, Inc., $1,847.19 on a claim which, according to counsel for defendant, is an action in redhibition. The trial court found it to be an action in redhibition, and since the suit was brought more than one year from the time of the discovery of the defects and deficiencies in the paint which was bought by plaintiff from defendant, held that the action was prescribed in accordance with Article 2534 or Article 2546 of the LSA-Civil Code.
From the judgment dismissing the suit plaintiff has appealed.
Plaintiff alleges that in May, 1950, the defendant, Katz & Besthoff, Inc., advertised for sale in a local newspaper "National Finishes All-Purpose White Paint," and, in the advertisement, stated that the said paint was "guaranteed 100% Mold and Mildew-Resistant All-Purpose White Paint." Plaintiff alleges that for his home in Covington, Louisiana, he decided to buy paint "which would guard against formation of mildew within an unreasonably short time;" that he read the advertisement above referred to and that the representations made therein were confirmed by an employee of defendant; that on May 26, *564 1950, he purchased twenty-five gallons of the said paint at a cost of $58.97 and used this in painting his home in Covington; that on June 26, 1950, desiring to paint his daughter's home in Metairie, Jefferson Parish, Louisiana, he purchased an additional twenty-five gallons of the said paint at a cost of $58.98. He then alleges that his principal motive for buying the paint was his belief "based upon the oral and written representations of defendant, that the said paint was perfect for the New Orleans climate and would prevent mold and mildew from forming;" that in September, 1950, he used some of the paint on his home in Covington and that the paint was applied by a professional painter carefully and in a workmanlike manner and in accordance with instructions printed on the label of the cans; that the cost of placing said paint on his home in Covington was $606.77.
He next alleges that the "balance of the said paint" was applied to his daughter's home in Metairie by a professional house painter who applied it in a careful workmanlike manner, following instructions printed on the labels of the cans, and that this application was at a cost of $237.47. He then charges that in February, 1951, at about the time the painting of his daughter's home was completed, mildew began to appear on his home in Covington, and that shortly thereafter in May, 1951, mildew began to appear on his daughter's home in Metairie, and that mildew and mold on both houses have become unsightly and that it will cost $885 to remove the paint from both houses. He prays for judgment for the total amount spent for the paint, for its application and for its necessary removal, to-wit $1,847.19.
Defendant admits the sale of the paint, but denies the allegations as to the guaranty on the ground that "they are not complete and the copies of the said ad are contradictory thereto."
A plea of prescription of one year was filed and the controversy was submitted on this plea, which was sustained, with the resultant dismissal of the suit.
There is no doubt that the record sustains the allegations of plaintiff's petition as to the deficiencies and defects in the paint and the District Judge so found, for, in his reasons for judgment, he said:
"* * * While defendant was not the manufacturer, nor processor nor packager of the paint, defendant have an affirmative and independent warranty to plaintiff that the paint was mildew-proof in the form of advertisements in New Orleans newspapers. See Dugue v. Safety Oil Burners, Inc., La.App., 142 So. 161."
He then correctly found that the suit had been filed more than two years after the date of the sale of the paint and more than one year after the discovery of the defects and deficiencies in the paint, and maintained the plea of prescription and dismissed the suit.
On behalf of plaintiff it is strenuously argued that the controversy is not controlled by the prescription of one year which is applicable to an action in redhibition, and that therefore neither Article 2534 nor Article 2546 of our LSA-Civil Code has any application; that the action is for damages for breach of contract and that the prescription which is applicable is that of ten years.
Our attention is particularly directed to two cases decided by our Supreme Court, each on facts substantially similar to those presented here. These cases are Henderson v. Leona Rice Milling Co., 160 La. 597, 107 So. 459, and Rapides Grocery Co., Inc., v. Clopton, 171 La. 632, 131 So. 734.
In the Henderson case, decided by our Supreme Court four years before its decision in the Rapides Grocery Company case, the plaintiff, inexperienced in rice planting, bought from the defendant eighty sacks of seed rice which was sold by sample and was referred to as Honduras rice. The rice was bought and planted in the early Spring of 1919. As the crop began to mature it was discovered that the rice was not pure Honduras rice but was a mixture *565 of Honduras and other rices, and that the value of the resultant crop was $1 per barrel less than it would have been had it been all Honduras rice. On this difference in value alone it appeared that the plaintiff had sustained a loss of $1,107. In addition, it was shown that since the plaintiff desired to again plant Honduras rice, he was forced to buy his seed for the next season instead of using some of his own crop, and he alleges that he was thus forced to spend $1,600 which he would not have had to spend had his crop been the result of pure Honduras rice as warranted by the defendant. When he brought suit for additional losses he was met with a plea of prescription of one year and the contention that his suit was one in redhibition or quanti minoris, in either of which cases the prescription of one year would have been applicable.
It was contended that the suit was not in redhibition or quanti minoris but was for damages resulting from breach of contract and that consequently the applicable prescription was ten years. The Supreme Court said [160 La. 597, 107 So. 460] that the suit did not fall "within either one of the classes named", that is, either redhibition or quanti minoris. As to the contention that the suit was one in redhibition the Court said:
"The plaintiff here could not have instituted the redhibitory action for the very obvious reason that the fact that the rice was not such as plaintiff thought he was buying, and as was represented to him by defendant's agent, was not discovered until long after the sale and after the rice had been planted and was growing in the field and virtually ready for harvest."
On the contention that the suit was an action quanti minoris, the said Court said:
"Nor can the action be properly classed as one in reduction of the price. The plaintiff nowhere in his petition asks for a reduction of the price he paid for the seed rice because of the alleged vice."
Then the Court classified the suit saying:
"Under the allegations of the petition and the facts established by the evidence, the action may be said to be one for damages on account of a breach of the contract of sale and an active violation of the covenant of warranty."
If the suit was properly classified as one for damages for breach of contract not connected with or growing out of an action in redhibition or quanti minoris, the applicable prescription would have been ten years and not one year. But, after clearly stating that the action was not in redhibition nor quanti minoris, the Court, allowing recovery by the plaintiff, made the following statement.
"This suit was brought well within the year following the discovery that the rice plaintiff received was not pure Honduras rice."
In such case the prescriptive period is fixed in Article 2546 of the LSA-Civil Code at one year from the date of the discovery of the defect. At first reading of that opinion it is difficult to understand why the Court, after finding that the claim was "one for damages on account of the breach of the contract of sale", should have found it necessary to discuss the prescriptive period which would have been applicable had the case been one in redhibition.
However the confusion which might result from the discussion by the Court of the applicability of the one-year prescription is to some extent dissipated when we carefully analyze Article 2545 of the Code, for in that Article it is provided that if seller knows of the defects in the thing which he sells and fails to disclose them, he makes himself liable not only for the return of the price but also for such "damages" as the buyer may have sustained, and we think it probable that when the Court in its discussion said that the claim of the plaintiff was one in damages, it meant the damages as contemplated by Article 2545 of the Code and not the damages ordinarily contemplated where a contract is breached.
*566 This explanation would make it possible to understand the decision of the Supreme Court in Rapides Grocery Co., Inc., v. Clopton, supra, which was rendered only four years after the decision in the Henderson case. There the plaintiff brought suit against the defendant for the price of cottonseed bought by him. The defendant filed a reconventional demand in which he alleged that plaintiff had sold to him forty bushels of soy beans to be used for seed and had warranted that the seed was sound and would germinate. He averred that it did not germinate and failed to produce a crop, and he prayed for a judgment for $4,000 which he claimed would have been the profit had the beans been fit for sale. When he filed this reconventional demand, more than one year had elapsed since the discovery by him that the seeds would not germinate. To this demand in reconvention a plea of prescription of one year was filed. The Supreme Court found [171 La. 632, 131 So. 735] that the claim was "founded upon redhibition", and that the prescription of one year was applicable because of the provisions of Article 2546. The Court said that in such a case a seller who knows of such a defect is liable, but that the claim must be presented within one year of the discovery of the defect.
We are unable to find any fact which would distinguish either of those cases from the case at bar except that here there is nothing which would indicate that the seller knew of the defect.
Counsel for plaintiff-appellant strenuously argues that the Supreme Court, when it rendered the decision in the Rapides Grocery Company case, gave no thought to the possibility that the suit might be considered as one in damages for breach of contract for the reason, so counsel says, that the attorneys for both parties in that case treated the case as one in redhibition and that the Supreme Court therefore failed to notice that, as a matter of fact, it really was a suit for damages for breach of contract.
We find it difficult to accept this explanation, for the reason that the Court in its decision seems to have expressly referred to the claim as one for damages. It states, for instance, that the claim, which was a reconventional demand, "set up a reconventional demand for damages," and later in the opinion the Court stated that the claim "for damages" had not been presented within one year after the discovery and that therefore the "demand for damages is barred by the prescription of one year. * * *"
Furthermore, it does not seem reasonable to suppose that only four years after it had rendered its decision in the Henderson case the Supreme Court would have overlooked its significance. This is especially true since the author of the opinion in the Henderson case acquiesced in the opinion and decree in the Rapides Grocery Company case.
We conclude, after a study of those two decisions, that it is now settled that, in such a case as this, the party who sustains loss is entitled to "damages" but that those damages are such as are contemplated by Article 2545 of the LSA-Civil Code, and that consequently the claim is barred by the prescription period of one year in accordance with Article 2534, if the seller did not know of the defect, or Article 2546 if the seller had such knowledge.
The decision of the Supreme Court in Sterbcow v. Peres, 222 La. 850, 64 So.2d 195, when read in connection with the opinion of the District Court and the briefs of counsel in that case, shows that the Supreme Court must still be of the view that such a suit as this is a redhibitory action.
The contention that a redhibitory action will not lie unless the status quo ante can be restored by the return or tender back of the article purchased is not well founded. There are cases in which the article purchased is consumed by use and obviously cannot be returned. This is true in the case of seeds which are planted, as in the Henderson case, and in the Rapides Grocery Company case, and it is also true in the case of paint, which obviously cannot be returned after it has been used, and it is true in many other similar situations.
*567 The reason for the application of the rather short prescriptive period of one year is set forth in George v. Shreveport Cotton Oil Co., 114 La. 498, 503, 38 So. 432, 434:
"* * * The explanation given for adopting the short prescription fixed for this particular class of action is the necessity and propriety of determining with promptness and certainty whether the articles sold had or did not have the vices which they were charged to have had."
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.