GLADNEY, Judge.
This, a tort action, was instituted by James T. Florane, to recover for damage inflicted upon his automobile truck in a collision with an automobile owned and operated by the defendant, Lucien G. Conway. The accident occurred May 25, 1957, during a hard rain about 5:45 o’clock P.M. on Louisiana Highway No. 155, between Coushatta and Ashland. In answer to plaintiff’s petition, respondent denied fault, alternatively pleaded the contributory negligence of plaintiff and reconvened for damages by reason of personal injuries and damage to his car. Conway’s reconventional demand filed more than a year after the accident, was the target of a plea of prescription based on Articles 3536 and 3537 LSA-C.C. The plea was sustained. The trial resulted in judgment favorable to plaintiff and the defendant has appealed from the decree.
In the trial court appellant filed an exception of no cause or right of action, contending the allegations of plaintiff’s petition reflected acts of negligence which should bar his right of recovery. Thereafter, the petition was amended to allege that when the collision took place plaintiff’s vehicle was stopped with its right wheels resting on the right shoulder of the highway; and also it was averred plaintiff’s foot was pressing down on his brake pedal, thus causing the rear lights of the truck to be visible. Finally, in the alternative, plaintiff pleaded the last clear chance doctrine.
Charges of negligence against the defendant include excessive speed, failure to maintain a proper lookout and failure to keep his automobile under proper control. The answer of Conway was filed on June 2, 1958. It denied liability and accused Florane of gross negligence in the stopping of his truck and blocking the highway while visibility was so restricted. Also the answer set up a plea of contributory negligence and the reconventional demand above referred to.
Before this court the appellant no longer insists upon the reconventional demand which the trial judge held to be prescribed. This ruling by the trial court was proper. The rule is that except where the plea of compensation is available to a defendant, his reconventional demand will be barred by prescription if such demand would be subject to prescription if separately asserted. See: Girod v. His Creditors, 1847, 2 La.Ann. 546; Boeto v. Laine, 1848, 3 La.Ann. 141; Lastrapes v. Rocquet, 1871, 23 La.Ann. 68; Chadwick v. Menard Bros., 1901, 104 La. 38, 28 So. 933; Rapides Grocery Co. v. Clopton, 1930, 171 La. 632, 131 So. 734; Wolff v. Warden, La.App. 1932, 141 So. 821; Foster Mfg. Co. v. Gerth, La.App.1932, 144 So. 142; Beyer Transp. Co. v. Whiteman Contracting Co., La.App.1939, 187 So. 143.
*151 The case as presented on appeal, therefore, presents for our inquiry only issues of fact relating to negligence, and legal questions raised by respondent’s special plea of contributory negligence, and plaintiff’s reliance upon the last clear chance doctrine.
Just prior to the accident, Florane was proceeding easterly along State Highway No. 155 in response to a TV service call. It was his intention to turn left from said highway on a dirt road which intersects State Highway No. 155 at a point about 365 feet east of the junction of State Highways Nos. 155 and 787, and proceed to the home of his customer. It was raining extremely hard with visibility of not more than about fifty feet according to his estimation. After reaching the road leading off to his customer’s home, he ran past the intersection approximately thirteen feet and came to a stop without giving a stop signal. Florane testified he could not see through the misted glass of his truck so he lowered a window to observe whether traffic was approaching and if it would be safe for him to back his car in order to be in a position to make the left turn. He testified further that the right wheels of the truck were resting upon the highway shoulder, which he estimated was only two feet in width. While thus stopped his truck was struck violently from the rear and rolled into a ditch on the north side of the highway.
The plaintiff called as witnesses to support his position, C. H. Pickett, P. K. Wood and John D. Marquedant. They testified concerning the speed of Conway, as to whether the tail lights of the truck were burning after it had been pulled from the ditch, and upon the observation of some tire marks on the shoulder.
Conway, a minister, testified he was en route from his home in Coushatta to Tal-lulah, where he was scheduled to hold church services on the following day; that he was driving his Buick automobile at a speed of from fifty to fifty-five miles per hour when he arrived at the crest of a hill approximately seven hundred fifty feet west of the scene of the accident; that he was familiar with the highway, having often traveled it; and anticipating he would encounter traffic at the junction of Highways Nos. 155 and 787, he slackened his speed and observed the approaches along Highway No. 787. Testifying further, he said visibility due to heavy rain was about two hundred feet; that after crossing State Highway No. 787 he observed a vehicle ahead in his lane of traffic. He said he first thought the vehicle was moving forward at a slow rate of speed, but as he approached he realized it was either stopped or was about to make a left turn across the highway; and with this realization he applied his brakes, but due to the slippery condition of the road surface and a downhill grade, his car skidded into plaintiff’s truck while moving at a speed of about fifteen to twenty miles per hour. He was positive he did not observe the rear lights of Florane’s truck burning.
B. D. Morgan, a state trooper, arrived shortly after the accident occurred. During his testimony he placed the point of impact in the eastbound traffic lane and further testifying, stated that he observed no tire prints upon the shoulder of the highway; and that the highway was eighteen feet wide; that he did not measure the shoulders of the highway at the scene of the accident, but gave his opinion each of the shoulders was seven feet in width. Morgan quoted Conway as telling him that before nearing the scene of the accident he had been driving at a speed of from fifty to fifty-five miles per hour.
The supporting witnesses called in behalf of Florane added little, if anything, to his own testimony. At the time of the accident they were not where they could make timely and accurate observations and their testimony was virtually without probative value. It is our finding plaintiff failed to establish by a preponderance of the evidence he had removed, so far as pos *152 sible, his truck from the main traveled portion of the highway. Nor are we inclined to discredit the statement of Conway that the rear lights of the truck were not burning. Under these circumstances both motorists were negligent. Florane, because of blocking the highway, and Conway, because of traveling at an excessive rate of speed.
Butler v. Fry, La.App.1948, 36 So.2d 69, 70, is a decision which presents a factual situation especially analogous to the suit under review. Therein this court held both operators negligent and denied recovery as to either, with the comment:
“There can be no dispute as to the physical fact that plaintiff did stop his automobile on the highway at some little distance from the right-hand edge thereof, and that he did not observe, nor could he observe, by reason of the misted condition of his car glass, following traffic. It is equally obvious that defendant’s driver was negligently proceeding at a speed of some forty miles per hour on a slippery highway in a downpour of rain and failed to observe plaintiff’s car until too late to avoid the collision.”
Counsel for appellee has directed our attention to Mellow Joy Coffee Co. v. Continental Casualty Co., 1953, 63 So.2d 888, a decision by the First Circuit Court of Appeal, wherein under circumstances somewhat similar to those in the instant case, it was held the accident had resulted from the negligence of the defendant driver of the following truck, in driving at an excessive rate of speed, and awarded judgment for plaintiff. The reported case does not set out with particularity the evidence upon which the findings of the court were predicated, without knowledge of which we are unable to determine if the ruling is in conflict with Butler v. Fry. We prefer to follow the latter decision.
Counsel for appellee insists that even should we find Florane was negligent, Conway should be held responsible under the last clear chance or the discovered peril doctrine. The limitations of this rule are made clear in the following quotation from Myers v. Maricelli, La.App. 1951, 50 So.2d 312, 316:
“The doctrine of last clear chance imposes upon one discovering the peril of another, brought about by the negligence of the other, the duty of taking evei'y reasonable and prudent precaution to save the other from the consequences of his negligent acts. The party discovering the peril can be held to do no more than what a normal reasonable and prudent man would do under the emergencies of the situation;: he will not be held to unerring judgment. We conclude that Maricelli took reasonable precaution to avert the' harm to plaintiff, and, thus, the doctrine of last clear chance will not apply. * * *”
The testimony of Conway clearly indicates that when he realized Florane’s vehicle was either stopped or about to make a. left turn, he exerted every proper effort to avoid the consequences brought on by the act of Florane in stopping in the roadway while visibility was so restricted, and accordingly, the doctrine is inapplicable.
' For the reasons above set forth we are-of the opinion the negligence of plaintiff" constituted a proximate cause of the accident which bars his right of recovery. The accident was the result of concurring negligence on the part of both drivers. Accordingly, the judgment from which appealed is reversed and set aside, and plaintiff’s demands are rejected at his cost
HARDY, J., absent»