399 So.2d 1262 (1981)
Harry R. LAYNE
v.
Gerald L. SCHROEDER.
No. 11775.
Court of Appeal of Louisiana, Fourth Circuit.
June 2, 1981.
*1263 Thomas S. Loop, Metairie, for plaintiff-appellant.
Montgomery, Barnett, Brown & Read, Sylvia Landry Holder, New Orleans, for defendant-appellee.
Before SAMUEL, REDMANN and STOULIG, JJ.
SAMUEL, Judge.
Plaintiff, Harry R. Layne, filed suit against defendant, Gerald L. Schroeder, to recover $327,000 representing damages he claims resulted from his purchase from defendant of a building, located in the City of New Orleans, which did not comply with city building ordinances. Plaintiff alleges and seeks damages of $7,000 to comply with the building ordinances and $320,000 resulting from lost lease income, additional construction loan expenses, and future damages which may result from delays occasioned in completing improvements required by a lessee of the building. Alternatively, he seeks reduction of the purchase price by the amount of $7,000.
Defendant answered, admitted the sale on December 18, 1975, but otherwise denied liability. Alternatively, defendant pled matters complained of by plaintiff did not constitute a breach of warranty or defect in the premises, and that any defect in the premises was apparent on reasonable inspection.
Subsequently, defendant filed an exception of prescription of one year, asserting that the face of the petition and admissions in the record demonstrated the sale and the discovery of the alleged defect both occurred more than one year prior to commencement of plaintiff's suit.
The trial judge maintained defendant's exception of prescription and rendered judgment dismissing plaintiff's suit with prejudice. Plaintiff has appealed.
It is clear that plaintiff's alternative prayer for reduction in the purchase price has prescribed. Civil Code Article 2534 provides a redhibitory action must be instituted within a year, at the farthest, commencing from the date of sale. Civil Code Articles 2545 and 2546 provide that when the seller knows the vice in the thing he sells, a redhibitory action may be commenced within one year from discovery of the vice. Article 2541 further provides that one entitled to prosecute a redhibitory action may limit his demand to one for reduction of the purchase price, and Article 2544 provides that the action for reduction of price is subject to the same rules and limitations as the redhibitory action.
Plaintiff's suit was filed on October 24, 1977. His petition alleges that: On December 8, 1975 he purchased from defendant a portion of ground and a building thereon in the City of New Orleans; it was specifically understood by the parties that the building and improvements situated on the property complied with all applicable building ordinances; and in December, 1975 plaintiff leased the building for five years, agreeing to make improvements required by the lessee, but when he applied for appropriate permits from the City of New Orleans, he learned the building was excessive in total area for a "Type IV" building, since it exceeded 15,000 square feet.
*1264 The petition also alleges that the records of the New Orleans Office of Building and Safety Permits show excessive square footage previously was brought to the attention of defendant by letter dated March 26, 1975 by the Office of Building and Safety Permits, and that on March 27, 1975 defendant responded to the City's notice by a letter affidavit acknowledging the excessive square footage and agreeing to provide two "hour" walls between the tenant areas to reduce the square footage below the 15,000 square foot maximum. The petition contains a verbatim quotation of defendant's letter to the city.
The petition further alleges defendant's failure to advise plaintiff that the building did not comply with applicable building restrictions and defendant's failure to remedy the defect after notice resulted in a breach of the contract to sell and of defendant's warranty to plaintiff. Plaintiff alleges he is entitled to damages because defendant was fully aware the property did not comply with all building ordinances and knew he had promised to rectify this non-performance in his letter affidavit of March 27, 1975.
The suit was brought more than one year after the date of the purchase of the property in question. Moreover, in response to a request for admissions of fact, plaintiff admits receiving a letter from H. Hirschburg & Associates on September 2, 1976, in which a disclosure of the building restrictions and the excessive square footage in the building was made known to him. Thus, the suit filed by plaintiff on October 24, 1977 came approximately thirteen and one-half months after plaintiff discovered the defect, and he is not entitled to recover in either redhibition or quanti minoris.[1]
Nevertheless, plaintiff argues he is entitled to maintain an action for damages on the basis of defendant's fraudulent conduct, and that such an action prescribes in five years pursuant to Article 3542 of the Louisiana Civil Code. He relies primarily upon the decision of this court in Musser v. Copping.[2] In that case plaintiff purchased a home upon defendant's representation that it had acquired a non-conforming use. More than one year after purchase, plaintiff sued to rescind the sale, and to recover the purchase price, cost of renovation, and other damages. Defendant's exception of prescription was overruled on the basis of Article 2547 of the Louisiana Civil Code, which provides:
"A declaration made by the seller, that the thing sold possesses some quality which he knows it does not possess, comes within the definition of fraud, and ought to be judged according to the rules laid down on the subject, under the title: Of Conventional Obligations.
"It may, according to circumstances, give rise to the redhibition, or to a reduction of price, and to damages, including reasonable attorneys' fees, in favor of the buyer."
In Musser we concluded the allegations in the petition averring misrepresentations as to the qualities possessed by the home purchased by plaintiff was sufficient to satisfy the requirements of Article 2547 and served as a basis for a suit under that article. The court then applied the five year prescriptive period contained in Civil Code Article 3542, and held plaintiff's action had not prescribed.[3] It is significant to note that the word "fraud" was not expressly used in the petition.
Defendant in this case attempts to avoid a fraud remedy on two grounds. First, he *1265 cites Crowley Grain Drier, Inc. v. Fontenot,[4] for the authority that any action involving a breach of the warranty in a contract of sale must be founded upon redhibition and subject to the prescription of one year. The wording quoted by defendant reads as follows:
"Ordinarily, as the defendants contend, the prescription applicable for damages caused by a breach of contract is not a one year prescription, but is rather the ten year prescription provided by LSA-Civil Code Article 3544. See American Heating & Plumbing Co. v. West End Country Club, 171 La. 482, 131 So. 466; Vicknair v. Rapides Parish School Board, La.App. 3 Cir., 128 So.2d 821. However, unlike damages for other contractual breaches, damages caused by a breach of the warranty in a contract of sale are regarded as founded upon redhibition and subject instead to the cited codal prescription of one year applicable to redhibitory actions. Rapides Grocery Co. v. Clopton, 171 La. 632, 131 So. 734; Walton v. Katz & Besthoff, Inc., La.App.Orl., 77 So.2d 563, certiorari denied."
Defendant also argues plaintiff may not come under Article 3542, providing the five year prescription, because "fraud must be pled with specificity or else such an action will not lie."
With regard to the first argument made by defendant, a reading of Crowley Grain Drier, Inc. v. Fontenot shows the reconventional demand filed by defendant was based on a simple redhibition claim, and there was no allegation of a knowing misrepresentation. The claim for the defect in the grain was purely one based on redhibition principles, with no element of fraud involved in the defective merchandise. Consequently, the court clearly was obliged to apply the prescription of one year.
Next, Article 856 of the Louisiana Code of Civil Procedure provides in pertinent part:
"In pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity."
While this article requires a particularized statement of facts which constitute fraudulent conduct, it does not mandate that the word "fraud" be used.
In the present case, the petition alleges the parties specifically understood the building and improvements thereon complied with all applicable building ordinances. It alleges the building did not comply with all ordinances, because it exceeded 15,000 square feet. It further alleges with great particularity that this violation was brought to defendant's attention by the City by letter dated March 26, 1975, and that by letter dated March 27, 1976 defendant responded with the promise to rectify the violation by taking steps to reduce the square footage below the maximum of 15,000 square feet. Copies of both letters were attached to the petition as exhibits.
As in the Musser case,[5] we conclude the allegations containing averments of misrepresentation as to the qualities possessed by the building were sufficient to satisfy the requirements of Article 2547 and to serve as the basis for a suit thereunder. As in Musser, the allegations of the petition state facts which demonstrate fraudulent conduct, even though the word "fraud" was not used in the petition.
A reading of the petition as a whole demonstrates plaintiff's suit was based upon defendant's breach of contract in selling a building known to violate ordinances controlling the size of such buildings. The request for a reduction of the purchase price was contained only in the prayer as an alternative request, apparently in the event the court should find plaintiff was not entitled to recover the damages alleged for breach of contract. Plaintiff is therefore entitled to proceed under the allegations of his petition.[6]
*1266 For the foregoing reasons, the judgment appealed from is affirmed only insofar as defendant's exception of prescription applies to plaintiff's alternative claim for a reduction in the purchase price. The judgment is reversed insofar as it dismisses plaintiff's entire suit with prejudice, and this case is remanded to the district court for trial of all claims other than that for a reduction in purchase price, all in accordance with law and with the views expressed in this opinion. All costs are to await a final determination.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
NOTES
[1] See Cotton States Chem. Co. v. Larrison Enterprises, La.App., 342 So.2d 1212.
[2] La.App., 325 So.2d 681.
[3] LSA-C.C. Art. 3542 provides:

"The following actions are prescribed by five years:
"That for the nullity or rescission of contracts, testaments or other acts.
"That for the reduction of excessive donations.
"That for the rescission of partitions and guarantee of the portions.
"This prescription only commences against minors after their majority."
[4] La.App., 132 So.2d 573.
[5] Supra, note 2.
[6] Civil Code Article 2547; Musser v. Copping, supra, note 2.