## WOLFF v. WARDEN.
### No. 4241.

Court of Appeal of Louisiana. Second Circuit.

May 20, 1932.

Warren Hunt, of Rayville, for appellant.

W. D. Cotton, of Rayville, for appellee.

PALMER, J.

This is a suit on a promissory note for $99.96, dated February 6, 1929, stipulating to become due and payable 30 days after date, and bearing interest at the rate of 8 per cent. per annum from date until paid, and an additional 10 per cent. as attorney's fees.

Plaintiff alleges that he is the bona fide holder and owner of the note sued on, for a valuable consideration and before maturity, which note he alleges was executed by the defendant to the order of Baxter-Wolff Lumber Company.

Defendant admits the execution of the note, but denies that plaintiff is the holder and owner in good faith before maturity. By reconventional demand, she sets up a claim against plaintiff and the Baxter-Wolff Lumber Company in solido, in the sum of $169, with interest from judicial demand until paid. Her reconventional demand may be stated in substance as follows:

That in the month of October, 1927, she purchased from the Baxter-Wolff Lumber Company a radio for the price of $155, which she paid in cash, and in addition, she purchased additional supplies and tubes in the amount of $14, which she paid in cash; that the said radio was guaranteed by the Baxter-Wolff Lumber Company to be in first-class condition; that she was not familiar with radios, and relied upon the truthfulness of the representations made to her by the seller; that, soon after the radio was installed, its performance became unsatisfactory to the extent that the radio became practically worthless as a means of pleasure and entertainment; that she complained of these conditions to the seller on many occasions, and that on many occasions the seller attempted to repair and adjust the radio; that, finally, the machine was taken by the seller back to its office in order to attempt to repair it or have it repaired, at which time it was dismantled and never put back together, the seller continuing to hold possession of it; and that she had often called upon the seller to return her the radio, and that they had failed and refused to do so.

Defendant then avers that the Baxter-Wolff Lumber Company was a commercial partnership composed of plaintiff and C. P. Baxter; that the sale of the said radio was made during the existence of said partnership; that the said C. P. Baxter is dead; and that thereupon the note sued on became the property of plaintiff, who acquired the note after its maturity. She further avers that, since the dissolution of the partnership by the death of the said C. P. Baxter, her only recourse is against plaintiff, and she therefore asks for a rescission of the sale of the radio on account of the alleged defects, and for a return to her of the purchase price thereof.

Plaintiff filed a plea of prescription of one year against defendant's demands for a rescission of the sale and for a return of the purchase price of the radio. He also filed an exception of no cause or right of action against defendant's reconventional demand.

On these issues, the case went to trial in the lower court, resulting in a judgment in favor of plaintiff for the amount sued for. The judgment of the lower court did not expressly refer to defendant's reconventional demand, but, of course, by its silence there-

on, it may be considered as having been rejected. From this judgment, defendant prosecutes this appeal.

### Plea of Prescription.

The demand of defendant for a rescission of the sale of the radio and the return of the purchase price is founded upon redhibition.

"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice." Civil Code, art. 2520.

Article 2534 of the Civil Code provides that the redhibitory action prescribes within a year from the sale. This article reads:

"The redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale.

"This limitation does not apply where the seller had knowledge of the vice and neglected to declare it to the purchaser. * * * "

According to article 2546 of the Civil Code, a redhibitory action must be commenced within one year from the discovery of the defect in the thing sold. That article reads: "In this case, the action for redhibition may be commenced at any time, provided a year has not elapsed since the discovery of the vice. * * * "

With reference to the time when this prescription begins to run, there is a distinction between redhibitory defects known by the seller to exist at the time of the sale and those which may have existed, but about which he had no knowledge. Not only does defendant not allege bad faith on the part of the seller, but she states on cross-examination that she did not believe Mr. Baxter, who sold her the radio, knew that it would not work at the time of the sale. In other words, she makes no pretensions that Baxter had any knowledge of the defects in the radio at the time of the sale, but, on the contrary, she stated that she does not believe he had such knowledge.

On that statement of the case, according to article 2534 of the Civil Code, a redhibitory action is barred by the prescription of one year, "commencing from the date of the sale." But in this case defendant pleads the principle enunciated in the maxim "quæ temporalia sunt ad argendum perpetua sunt ad excipiendum."

This doctrine is only applicable in actions where the plaintiff sues for the price of the thing sold. In that situation, the defendant may demand a return, or a reduction, of the price on account of the defect in the quality, or the deficiency in the quantity, of the thing sold. In any suit for the price of the thing sold, redhibition may be urged as a defense, even though the action is otherwise barred by the prescription of one year. But a different rule obtains when the suit is based upon a cause of action other than for the price of the thing sold, in which event the cause of action for redhibition cannot be urged as a defense, or as a reconventional demand, when and if such action would be barred by prescription, if presented in a different suit.

To be in a position to demand, by reconvention, the return of the purchase price of an alleged defective article, it is essential that the reconventional demand be connected with or incidental to the main demand, if it is to be urged after the lapse of one year from the date of sale, or from the date of the discovery of the defect.

It therefore follows that a plea in compensation that has prescribed cannot be urged against a cause of action on an obligation which arose after the prescription had run.

These conclusions are thoroughly borne out by the following cases: Roper v. Monroe Grocery Co., 171 La. 181, 129 So. 811. 75 A. L. R. 197; Rapides Gro. Co., Inc., v. Clopton, 171 La. 632, 131 So. 734.

As the facts disclose, this is not an action to recover the purchase price of the radio, but is based upon a promissory note given in payment of lumber purchased considerably more than a year after the radio had been purchased. The radio was purchased in October, 1927. It was paid for in cash at the time of the purchase. Any action to recover the purchase price had to be instituted within twelve months after the discovery of the defects. The evidence of the defendant shows that the defects were discovered almost immediately after the purchase of the radio. Forgetting for the moment the main demand in this suit, if defendant had filed an independent suit on the cause of action set forth in her reconventional demand, no one could doubt that a plea of one-year prescription would be good. If so, the plea is good in this case, because this is a suit on a note covering an obligation that arose after defendant's cause of action had prescribed.

Defendant urges that, having returned the radio to plaintiff for repairs before the year elapsed, and that the radio not having been returned to her, such acts amount to an interruption of prescription on her redhibitory action. No decisions are cited, and we can find none, that sustain this contention. The law is definite as to the beginning of the prescription period. If, for any reason, the purchaser of a defective article allows twelve months to lapse before demanding a rescission of the sale and a return of the purchase price, unless perhaps he has been misled through some fraudulent means of the seller, his action is prescribed, ex-

cept in cases where the demand is for the purchase-price.

We are of the opinion that the plea of prescription of one year is good. Having reached these conclusions, it is unnecessary for us to go into a discussion of the case on its merits.

The judgment of the lower court is therefore affirmed, defendant, appellant, to pay all costs of appeal.

DREW, J., concurs.

McGREGOR, J., dissents.