323 So.2d 482 (1975)
DIBERT, BANCROFT & ROSS COMPANY, LTD.
v.
WESTINGHOUSE AIR BRAKE COMPANY.
No. 6998.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1975.
Limited Rehearing November 11, 1975.
Rehearing Expanded November 18, 1975.
Amended and Rendered December 18, 1975.
Writ Refused February 6, 1976.
Pittman & Matheny, Iddo Pittman, Jr., Hammond, for plaintiff-appellee.
Nicaud, Justrabo & Rousset, Rene R. Nicaud, Hugh H. Brister, New Orleans, for defendant-appellant.
Before SAMUEL, GULOTTA and BEER, JJ.
*483 BEER, Judge.
Appellant, Westinghouse Air Brake Company (hereafter, Westinghouse), was the manufacturer of a very large "off highway" vehicle to be used for heavy load carrying. In conjunction with this endeavor Appellee, Dibert, Bancroft & Ross Company, Ltd. (hereafter, Dibert), contracted with Westinghouse to provide certain metal castings which were to conform to a pattern provided by Westinghouse. A total of four such castings were actually produced by Dibert and shipped to Westinghouse. Upon receipt of the first two castings in March of 1972 Westinghouse discovered certain defects in same and called Dibert's attention thereto by correspondence. Notwithstanding this, payment in full for the first two castings was sent by Westinghouse to Dibert in April 1972apparently as the result of a mistake in internal office procedure.
At about the same time, Dibert shipped the third and fourth castings which were received and used by Westinghouse but not paid for by them.
Substantial exchange of correspondence took place between the parties subsequent to the abovedescribed events all centering around the contention by Westinghouse that they should not be obliged to pay for castings number 3 and 4 because of the defective condition of castings number 1 and 2.
However, litigation did not commence until Dibert instituted suit on September 6, 1973 seeking payment for castings number 3 and 4.
On October 19, 1973 Westinghouse answered the suit and reconvened on a basis, which, in our view, clearly sounds in redhibition. Various additional pleadings were filed including an answer to the reconventional demand and thereafter the matter was tried on December 3, 1974.
In the course of that trial counsel for Dibert sought to except to the redhibitory claim filed by plaintiff in reconvention, Westinghouse. In open court he stated: "Now, Your Honor, at this time I would like the court's permission to file an exception for [sic] prescription for any rehabilitory [sic] claim .." In response the court stated: "It will be necessary for you to file an exception of prescription..." Counsel replied: "I will go ahead and file one, if the Court permits." The court responded: "So ordered."
No written exception of prescription was ever filed in the trial court. However, on December 4, 1974 the court handed down a written judgment on the exception stating: "It is ordered that the exception of prescription herein, be and the same is hereby overruled."
On the same day the court rendered judgment, with written reasons, in favor of Dibert and against Westinghouse in the sum of $3,432.15 and, further, dismissed the reconventional demand of Westinghouse.
LSA-C.C.P. Article 852 provides that pleadings, including exceptions, "shall be in writing." No where in this record is there a written exception of prescription except that which was filed by plaintiff-appellee in this court on June 25, 1975.
Under the somewhat unusual circumstances existent herein, we deem it necessary to look further into the matter of the exception of prescription as we have concluded that appellant's reconventional demand sounds in redhibition but might have merit if it is properly before, us.
Although LSA-C.C.P. Article 961 provides that motions may be made orally during trial, no such provision exists with respect to exceptions. Thus, we conclude that an exception, in order to be properly before the court, must be in writing. Even though Dibert's counsel obtained an oral order permitting him to file the exception of prescription, the exception itself was never filed in writing in the trial court.
*484 Accordingly, the judgment overruling that exception handed down by the district court on December 4, 1973 was a nullity, without force or effect and the fact that Dibert did not answer the appeal with respect thereto is of no consequence.
Under these circumstances it is in order that we consider the exception of prescription filed by Dibert in this court on June 25, 1975 for LSA-C.C.P. Article 2163[1] provides that prescription may be raised for the first time on appeal in this manner. Accordingly, we give consideration to the exception of prescription filed by Dibert to the reconventional demand of Westinghouse and conclude that it has merit and should be maintained. The reconventional demand, even if meritorious, sounds in redhibition and must be dismissed since actions so sounding prescribe one year from discovery. Furthermore, the claim in redhibition is not saved from prescriptive disability by having been pled defensively in response to Dibert's main demand for payment for castings 3 and 4. There was no redhibitory vice attributable to those castingsthe proven defects were in castings 1 and 2. Thus, the ability to urge redhibition as a defense, even though the action is otherwise barred by prescription, is not applicable to this situation.[2] For these reasons, it is not necessary for us to consider the redhibitory claim of Westinghouse on its merits. We turn, then, to the sole remaining issue which is the correctness of the trial court's judgment on the main demand.
There is no serious contention that castings 3 and 4 should not be paid for, having been manufactured by Dibert, shipped by them to Westinghouse and subsequently incorporated into the vehicle manufactured by Westinghouse. Thus, the judgment of the trial court is essentially correct in making an award on the main demand although same should have been in the amount of $3,517.15 plus $85.00. The trial court was incorrect in subtracting the $85.00 cost of crating the Westinghouse patterns. This amount should have been added to the judgment to cover the cost of crating the patterns owned by Westinghouse and presently in the possession of Dibert, disposition of which will be covered in the judgment of this court. However, Dibert did not answer the appeal and thus we are procedurally powerless to remedy this small error.
Accordingly, it is ordered, adjudged and decreed that the exception of prescription filed in this court by Dibert, Bancroft & Ross Company, Ltd. to the reconventional demand of Westinghouse Air Brake Company be and the same is hereby maintained; and the reconventional demand is dismissed;
It is further ordered, adjudged and decreed that the judgment of the Civil District Court for the Parish of Orleans dated. December 4, 1974 overruling the exception of prescription be and the same is hereby recalled, nullified and set aside;
It is further ordered, adjudged and decreed that the judgment of the Civil District Court for the Parish of Orleans dated December 4, 1974 in favor of the plaintiff, Dibert, Bancroft & Ross Company, Ltd. and against the defendant, Westinghouse Air Brake Company, in the full sum of $3,432.15, together with legal interest *485 thereon from date of judicial demand, until paid, and for all costs of these proceedings, be and the same is hereby affirmed; and
It is further ordered, adjudged and decreed that the patterns owned by Westinghouse Air Brake Company and presently held by Dibert, Bancroft & Ross Company, Ltd. be crated by Dibert, Bancroft & Ross Company, Ltd. and shipped to Westinghouse Air Brake Company, actual cost of shipping to be borne by Westinghouse Air Brake Company but crating and all other costs attendant upon preparation of same for shipping to be the responsibility of Dibert, Bancroft & Ross Company, Ltd.
Each party to this appeal is to bear its own cost in both courts.
Amended and affirmed.

ON APPLICATION FOR REHEARING
Appellant's application for rehearing has been considered.
LSA-C.C. Article 2498 and Wolff v. Warden, 141 So. 821 (La.App. 2nd Cir. 1932) to the contrary notwithstanding, we believe that there may be merit to the contention of able counsel for Westinghouse to the effect that LSA-C.C.P. Article 424 is entitled to such liberal construction as to provide Westinghouse with a legal basis upon which the open account claim of Dibert, Bancroft & Ross Company, Ltd. can be reduced or offset, and that such right has not prescribed.
If the redhibitory vice of the first two castings can be the basis of reduction or offset in connection with the open account suit seeking payment for the second two castings and such has not prescribed, then Westinghouse will be entitled to a measure of relief for there is little doubt of the redhibitory vice of the first two castings. Furthermore, we believe that the record is sufficiently complete to permit us to judicially determine the extent to which the open account claim for castings three and four should be reduced if we determine that the claim for an offset is viable and has not prescribed.
Thus, we would limit our rehearing (and restrict the ambit of counsels' briefs) to the legal issue noted above. We are particularly interested in a consideration of whether or not LSA-C.C.P. Article 424 should be restricted by application of the rationale in Wolff v. Warden, supra, or whether the theory of "Quae temporalia sunt ad agendum perpetua sunt ad excipiendum" (Things which are temporary for the purposes of attack are permanent for the purposes of defense), applies to the facts of this case.
Accordingly, it is ordered, that a limited rehearing (on briefs only) be and the same is hereby granted in this case restricted to the legal issue hereinabove described;
It is further ordered, that counsel for appellant, Westinghouse, shall have ten days from the date of this order to file such additional brief as they may deem appropriate and that counsel for appellee, Dibert, Bancroft & Ross Company, Ltd., shall have five days thereafter to file such response as they may deem appropriate.
In all other respects the application is denied.
Limited rehearing granted.
Before SAMUEL, GULOTTA and BEER, JJ.
PER CURIAM.
Able counsel for plaintiff-appellee, Dibert, Bancroft & Ross Company, Ltd. calls our attention to an implied but unintended limitation in our order granting a limited rehearing in this matter.
It was not our intention to so limit the rehearing that it would impair Dibert's right to question the extent or, indeed, the existence of a redhibitory vice attributable to the first two castings.
*486 Accordingly, our original order is amended to include this area of consideration and counsel for both parties should deal with same in their briefs.
In view of this development and in order to insure adequate time for responses to this ruling the time period for the filing of briefs as noted in our original order shall run from the date of this order.
Rehearing expanded.
Before SAMUEL, GULOTTA and BEER, JJ.

ON LIMITED REHEARING
BEER, Judge.
On October 9, 1975 we rendered our original opinion in this matter. On November 11, 1975 we granted a limited rehearing and, on November 18, 1975 expanded the range of that rehearing. This amount of activity is, we believe, due at least in part to the closeness of the questions presented and the astuteness and industry of able counsel for both sides who have exhibited the highest traditions of the appellate bar in their exhaustive research regarding this interesting case, even though it does not involve great sums of money.
We have made a careful review of the record in response to issues raised in the supplemental memoranda and have concluded that there is sufficient overall connexity between the ordering and subsequent delivery of castings number 1 and 2 and castings number 3 and 4 to permit Westinghouse to make certain limited use of its otherwise prescribed redhibitory action in connection therewith. The full price for castings 1 and 2 was paid by mistake. We believe that all the factors relative to the ordering, delivery, subsequent limited use and ultimate discarding of castings 1 and 2 would have formed a proper basis for reducing their price by $500 each (a total of $1,000).
Because of the connexity noted above and having determined that there were redhibitory defects in castings 1 and 2 we conclude that this offset can and should be applied against the open account claim by Dibert against Westinghouse for castings 3 and 4 which, all agree, were not defective.
Accordingly, our original opinion of October 9, 1975 is now amended to the extent that the monetary award in favor of Dibert, Bancroft & Ross Company, Ltd. and against Westinghouse Air Brake Company is reduced from $3,432.15 to $2,432.15 and, in all other respects, remains unchanged.
Amended and rendered.
NOTES
[1] The exception of prescription was filed on June 25, 1975 in this court. From that date until the matter was set down for oral argument on September 4, 1975 no application for remand for the purpose of consideration of this plea was filed by Westinghouse Air Brake Company, in accordance with the provisions of Article 2163 thus obviating the necessity for remand.
[2] LSA-C.C.P. Article 424 would permit Westinghouse to interpose redhibition as a defense even though it had prescribed as a main demandhad Dibert's open account claim been with respect to castings 1 and 2. However, the defects in castings 1 and 2 were neither incidental to or connected with the open account claim for castings 3 and 4. Note Wolff v. Warden, 141 So. 821 (La.App. 2nd Cir. 1932).