Dear Mr. Theriot:
Your opinion request has been forwarded to me for research and reply. You requested an opinion of this office concerning when a university may impose fees on its students without seeking the approval of the Louisiana Legislature. This request was divided into two main parts. First, you asked general questions regarding under what circumstances a university must seek a two-thirds vote of the Legislature to impose fees. Second, you asked additional questions regarding a specific type of fee, the Building Use Fee. Your questions specifically addressed the fees imposed for the construction, renovation, and maintenance of academic buildings.
Imposing of Fees on a University
In 1995, the Louisiana Constitution of 1974 was amended to include Article VII, § 2.1, which states in pertinent part "[a]ny new fee or civil fine or increase in an existing fee or civil fine imposed or assessed by the state or any board, department, or agency of the state shall require the enactment of a law by two-thirds vote of the elected members of each house of the legislature." Previous
Louisiana Attorney General opinions have interpreted the term "fee" to mean a charge fixed by law for services of public officers or for use of a privilege under control of the government. See La. Atty. Gen. Op. No. 96-353.
Your first inquiry asked under what circumstances a university must seek a two-thirds vote of the Legislature before imposing fees. This question has been previously answered by our office. See La. Atty. Gen. Op. No. 96-353 and La. *Page 2 
Atty. Gen. Op. No. 99-15. As described above, La. Const. art. VII, § 2.1 applies to all new fees or increases in fees imposed by any state board, department or agency. Adopting a definition of the word "fee" which would restrict the term to mean a charge for services of a public official or a privilege under the control of the government is a reasonable interpretation which would give effect to the Legislature's intent.
Under such an interpretation, charges which are assessed by a governmental entity for the purpose of defraying the cost of providing a service would be considered a fee. Those fees or charges for non-governmental functions or services not in the control of the governmental entity at issue would be exempt from legislative review. Public universities in Louisiana are created for the purpose of providing higher education to the citizens of this state. This is a governmental function. Charges which are assessed for the provision of higher education should be considered fees for purposes of La. Const. art. 7, § 2.1.
However, those fees or charges for non-governmental functions and products which are not controlled by the governmental entity, should be exempt from legislative review. For example, charges assessed which specifically relate to the education of students would be considered a fee; however, charges for admission into extracurricular events would not be considered a fee. Thus, whether a university must seek legislative approval before imposing a charge depends on the purpose of the charge.
The second question asked is whether fees, which would now require a two-thirds vote, but which were imposed prior to the constitutional amendment, may now continue ad infinitum. It is the opinion of this office that fees imposed prior to the constitutional amendment may continue without the approval of the Legislature, unless the fees are increased. The general rule of construction, with respect to both statutory and constitutional provisions, is that laws have prospective and not retroactive operation. See La. C.C. art. 6. Exceptions to this rule exist only where a statute is remedial or procedural in nature or where words employed show a clear intent to have a retroactive effect. See Paul v. Edwards, 323 So.2d 484 (La.App. 1 Cir. 1975). La. Const. art. 7, § 2.1 is neither remedial in nature nor procedural; thus, under general principles of construction, the substantive requirements of the amendment are to be applied only to those factual situations arising after the amendment's effective date.
Your third question was whether a fee, which would require a two-thirds vote of the Legislature after the constitutional amendment, and is currently up for renewal, must be approved by a two-thirds vote. It is the opinion of this office that a two-thirds vote by the Legislature is not required to renew a fee when there is no increase in the amount of the fee. The general rule for the interpretation of laws is that when a law is clear and unambiguous and its application does not *Page 3 
lead to absurd consequences, the law must be applied as written and no further interpretation may be made. See La. C.C. art. 9. Here, La. Const. art. 7, § 2.1, specifically includes the phrases "new" and "increase" when referring to fees; however, the amendment does not contain the phrase "renew." Thus, it can be reasonably interpreted that a two-thirds vote of the Legislature is not required for the renewal of a fee where there is no increase in the fee.
Building Use Fees
The remainder of your issues (four through nine) concern Building Use Fees. You specifically requested that this office review the authorization for the imposition of Building Use Fees contained in Act No. 619 of the Regular Session of 1954 ("Act 619") of the Louisiana Legislature as amended by Act No. 15 of the Regular Session of 1967 ("Act 15"). Act 15 provides that "[t]he board is further authorized to issue bonds, the interest on and principal of which will be paid from a separate and special fee." This fee may be imposed on all students attending institutions of higher education described in Section 1 of Act 619. Acts 619 and 15 have not been incorporated into the Louisiana Revised Statutes; however, it is the opinion of this office that the Acts remain in effect.[1]
Act 15 states that "[t]he proceeds from the sale of the bonds secured by a pledge of the Building Use Fee shall be used to construct, acquire, extend, repair or improve any academic facilities suitable for use as classrooms, laboratories, gymnasiums, libraries, student infirmaries, and related facilities." [Emphasis added.] Thus, we interpret this provision in Act 15 to imply that the money collected from the Building Use Fee each semester is combined into a general fund. Bonds will be issued and money in the Building Use Fee fund will be pledged to pay debt service on the bonds. Based on the highlighted portion of Act 15, the Building Use Fee collected by a university does not appear to be directly related to a specific building.
Your fourth issue is whether a statute must be enacted by a two-thirds vote of the Legislature prior to the imposition of a Building Use Fee. It is the opinion of this office that a statute need not be enacted. Act 15 provides for a prohibition on the increase in this fee. Act 15 was created by the Legislature in 1967, hence it was *Page 4 
in effect at the time La. Const. art VII, § 2.1 became effective in 1995. Thus, because there is a prohibition on an increase in the Building Use Fee and furthermore because this is not a new fee, there is no need for an additional statute.
The fifth issue is whether Building Use Fees may only be imposed on buildings being constructed or renovated. We interpret Act 15 to imply that Building Use
Fees are not directly related to a specific building; instead, we interpret the law to mean that a Building Use Fee is collected from each student which creates a general fund. When bonds are issued for construction, renovation, and repairs of buildings on a campus, the money from the Building Use Fee fund will be pledged to pay debt service on those bonds. Thus, it is our opinion that a
Building Use Fee may be imposed by a university as long as there is a need for the creation of academic buildings or for repairs to existing infrastructure.
Additionally, your sixth issue was whether repairs from Building Use Fees are governed by La. R.S. 17:2151.1. Your opinion request referred this office to La. R.S. 17:2151.1 which relates to the retention of surpluses. This statute was enacted in 1956, before the creation of Act 15 which provides a specific rule as to surpluses in the Building Use Fee fund. Act 15 provides in pertinent part "[a]ny Building Use Fee remaining after making all payments required under the provisions of the resolution or resolutions authorizing the incurring of indebtedness hereunder shall be budgeted and accounted for in compliance with the provisions of R.S. 39:41 through 39:62 inclusive pertaining to the operating and capital executive budgets."[2] Thus, the provisions contained in Title 39 should be followed as opposed to the provisions of La. R.S. 17:2151.1 because Act 15 provides a specific rule as to surpluses in the Building Use Fee fund.
Your seventh issue was whether a university may continue to collect a Building Use Fee once the debt from an academic building has been paid. It is the opinion of this office that a university may continue to collect Building Use Fees from students even after there is no balance due on a specific building. As described above, we do not interpret the law to mean that a Building Use Fee is imposed on a specific building, rather it is a general fund created by fees paid by all students. *Page 5 
The eighth issue was whether a Building Use Fee may be imposed if there is no debt outstanding. Act 15 states in pertinent part "[t]he proceeds from the sale of bonds secured by a pledge of the Building Use Fee shall be used to construct, acquire, extend, repair, or improve any academic facilities." It is the opinion of this office that a Building Use Fee may be imposed even if there is no debt outstanding. Act 15 restricts the uses of Building Use Fees, but does not limit when the fees may be collected. Act 15 does not require that a university have outstanding debt as a prerequisite to collecting the fee.
Your ninth inquiry asked if a fee called a Building Use Fee is ade facto maintenance fee, is it appropriate to change the name in subsequent years, after the debt is paid off and continue to impose the fee. It is the opinion of this office that it would not be appropriate to change the name of the Building Use Fee to a maintenance fee. The purpose of the Building Use Fee is to provide for the construction, acquisition, extension, repair, or improvement of academic facilities. Thus, a university may continue to collect fees so long as the fees are used for the purposes described in Act 15.
We hope this sufficiently answers your inquiry; however, if we may be of any further assistance, please do not hesitate to contact us.
 With Best Regards,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By:________________________
 Cherie A. Lato
 Assistant Attorney General
 CCF, Jr.:CAL
[1] It is well established that all statutory enactments are presumed constitutional and every presumption of law and fact must be indulged in favor of legality. Moore v. RLCC Technologies, Inc., 95-2621 (La. 2/28/96), 668 So.2d 1135; Faul v. Trahan, 1998-488 (La.App. 3 Cir. 10/7/98) 718 So.2d 1081, 1087. Because a state statute is presumed constitutional, the party challenging the statute bears the burden of proving its unconstitutionality. State v. Brenan, 99-2291 (La. 2000)772 So.2d 64, 67. We are unaware of any judicial declaration affecting the presumed constitutionality of the Act. We therefore construe the 1967 Act as a valid amendment to the 1954 Act.
[2] Part I (R.S. 39:1 to 39:10.2), Part II (R.S. 39:34 to 39:63), Part III (R.S. 39:91 to 39:104), and Part IV (R.S. 39:131 to 39:138) of Chapter 1 of Subtitle 1 of Title 39 were amended and reenacted by Acts 1989, No. 836, Section 1 as Part 1 (R.S. 39:1 to 39:8), Part II (R.S.39:21 to 39:38 — Subpart A; 39:51 to 39:58 — Subpart B; R.S. 39:71 to39:86 — Subpart C), etc. Since the enactment of Act 15, the majority of the revised statutes cited in Act 15 are now listed under different section numbers in Title 39. We have attached a copy of the Disposition Table contained in West's Louisiana Statutes Annotated, Title 39. This Disposition Table shows where the subject matter of the former sections of Part 1 to Part IV of Chapter 1 of Subtitle 1 of Title 39 can now be found following the amendment and reenactment of Parts I, II, III and IV by Acts 1989, No. 836, Section 1. *Page 1 
 ATTACHMENT
LA R.S. T. 39, Subt. I, Ch. 1, Disp Table Page 1
LSA-R.S. T. 39, Subt. I, Ch. 1, Disp Table
 West's Louisiana Statutes Annotated Currentness Louisiana Revised Statutes Title 39. Public Finance • Subtitle I. State Finance • Chapter 1. Division of Administration
DISPOSITION TABLE
Showing where the subject matter of the former sections of Part 1 to Part IV of Chapter 1 of Subtitle I of Title 39 can be found following the amendment and reenactment of Parts I, II, III and IV by Acts 1989, No. 836, § 1, and the repeal of R.S. 39:84.1, 39:84.2, 39:84.3, 39:85.1,39:85.2, 39:85.3, 39:85.4, 39:85.5, 39:85.6 and 39:85.7 by § 4 of Acts 1989, No. 836.
 Former Part I 1989 Reenactment
 R.S. 39:1 ..................................... R.S. 39:1
 R.S. 39:2 ..................................... R.S. 39:2
 R.S. 39:3 ..................................... R.S. 39:3
 R.S. 39:4 ..................................... R.S. 39:4
 R.S. 39:4.1 .................................. R.S. 39:21
 R.S. 39:5 ..................................... R.S. 39:5
 R.S. 39:6 ..................................... R.S. 39:6
 R.S. 39:7 .................................... R.S. 39:78
 R.S. 39:8 ..................................... R.S. 39:7
 R.S. 39:9 ..................................... R.S. 39:8
 R.S. 39:10 ......................................... None
 R.S. 39:10.1 ............................... R.S. 39:1518
 R.S. 39:10.2 ................................ R.S. 39:245
 Former Part I-A
 R.S. 39:21, 39:22[1] ............................. None
 Former Part I-B
 R.S. 39:31 .................................. R.S. 39:127
 R.S. 39:32 .................................. R.S. 39:127
 Former Part II
 R.S. 39:34 ....................................... None
 R.S. 39:35 .......................... R.S. 39:22, 39:23
 R.S. 39:36 .......................... R.S. 39:22, 39:24
 R.S. 39:37 ................................ R.S. 39:25
 R.S. 39:38 ............................... R.S. 39:54
 R.S. 39:39 ............................... R.S. 39:26
 R.S. 39:40 ................................ R.S. 39:27
 R.S. 39:41 .......................... R.S. 39:34, 39:38
 R.S. 39:42 ................................ R.S. 39:53
 R.S. 39:43 ................................ R.S. 39:36
 R.S. 39:43.1 .............................. R.S. 39:53
 R.S. 39:44 ................................ R.S. 39:28
 *Page 2 
LA R.S. T. 39, Subt. 1. Ch. 1, Refs Annos Page 1
LSA-R.S. T. 39, Subt. 1, Ch. 1, Refs Annos
 West's Louisiana Statutes Annotated Currentness Louisiana Revised Statutes Title 39. Public Finance • Subtitle I. State Finance • Chapter 1. Division of Administration
REVISION
Part 1 (R.S. 39:1 to 39:10.2), Part II (R.S. 39:34 to 39:63), Part III (R.S. 39:91 to 39:104), and Part IV ( R.S 39:131 to 39:138) of Chapter 1 of Subtitle I of Title 39 were amended and reenacted by Acts 1989, No. 836. § 1 as Part 1 (R.S. 39:1 to 39:8), Part II (R.S. 39:21 to39:38 — Subpart A; R.S. 39:51 to 39:58-Subpart B; R.S. 39:71 to 39:86-Subpart C), Part III (R.S. 39:101 to 39:105 — Subpart A; R.S.39:111 to 39:114-SubpartB; R.S. 39:121 to 39:128-Subpart C), and Part IV (R.S. 39:131 to 39:136).
 Parts I, II, III and IV as amended and reenacted by Acts 1989, No. 836, § 1 contain subject matter previously found in Part I-B (R.S.39:31, 39:32), Part II-A (R.S. 39:81 to 39:84.3), and Part II-B (R.S.39:85 to 39:85.7), although the title and the enacting clause of § 1 of Acts 1989, No. 836 do not specifically refer to Parts ]-B, II-A, and II-B as being amended and repealed; however, all of the sections comprising such Parts either had section numbers which were used in Part II as amended by Acts 1989, No. 836, § 1, or are specifically repealed by § 4 of Acts 1989, No. 836.
 Pursuant to the statutory revision authority of the Louisiana State Law Institute, Part 1 of Chapter 1 of Subtitle I of Title 39 (R.S. 39:1
to 39:8) as set forth in Acts 1989, No. 836, § 1 was redesignated as Subpart A of Part I, and Part I-A of Chapter 1 of Subtitle 1 of Title 39 (R.S. 39:21 to 39:24) as set forth in Acts 1989, No. 282, § 3 was redesignated as Subpart B of Part I (R.S. 39:11 to 39:14).
 Sections 5 and 6 of Acts 1989, No. 836 provided:
 "Section 5. The Louisiana Law Institute shall, under the authority of R.S. 24:253 and of this Act, replace or redesignate citations contained in Titles of the Louisiana Revised Statutes of 1950 not amended by this Act to bring the reference to provisions in such other Titles into conformity with the provisions of Title 39 amended by this Act.
 "Section 6. In the event of any conflict between the provisions of this Act and those of any other Act adopted by the legislature at the 1989 Regular Session of the Legislature, regardless of which Act is adopted later or signed later by the governor, the provisions of this Act shall control and prevail."
LSA-R.S. T. 39, Subt. I, Ch. 1, Refs Annos, LA R.S. T. 39, Subt. I, Ch. 1, Refs Annos
Current through all 2006 First Extraordinary, Regular and Second Extraordinary Session Acts *Page 3 
LA R.S. T. 39, Subt. I, Ch. 1, Disp Table
LSA-R.S. T. 39. Subt. I, Ch. 1, Disp Table
 R.S. 3 9:44.1[2] .......................................... None
 R.S. 39:45 ............................................ R-S. 39:33
 R.S. 39:45.1 ................................... R.S. 39:32, 39:33
 R.S. 39:46 ............................................ R.S. 39:30
 R.S. 39:47 ............................................ R.S. 39:35
 R.S. 39:48 ............................................ R.S. 39:37
 R.S. 39:49 ............................................. R.S. 39:6
 R.S. 39:50 ............................................ R.S. 39:56
 R.S. 39:50.1 ................................................ None
 R.S. 39:51 ............................................ R.S. 39:58
 R.S. 39:52 ............................................ R.S. 39:71
 R.S. 39:53 ............................................ R.S. 39:71
 R.S. 39:54 ............................................ R.S. 39:72
 R.S. 39:55 ..................................... R.S. 39:72, 39:74
 R.S. 39:55.1 .......................................... R.S. 39:75
 R.S. 39:55.2 ................................................ None
 R.S. 39:56 ................................... R.S. 39:121, 39:122
 R.S. 39:57 ............................................ R.S. 39:73
 R.S. 39:57.1 .......................................... R.S. 39:77
 R.S. 39:58 ............................................ R.S. 39:57
 R.S. 39:59 ............................................ R.S. 39:36
 R.S. 39:60 ............................................ R.S. 39:36
 R.S. 39:60.1 ................. R.S. 39:32, 39:123, 47:1517, 49:308
 R.S. 39:60.2 ................................................ None
 R.S. 39:61 ........................... R.S. 39:104, 39:105, 39:111
 R.S. 39:62 ................................... R.S. 39:114, 39:121
 R.S. 39:63 ............................................ R.S. 39:81
 Former Part II-A
 R.S. 39:81 ........................................... R.S. 39:131
 R.S. 39:82 ........................................... R.S. 39:132
 R.S. 39:83 ........................................... R.S. 39:133
 R.S. 39:84 ........................................... R.S. 39:134
 R.S. 39:84.1 ......................................... R.S. 39:135
 R.S. 39:84.2 ......................................... R.S. 39:136
 R.S. 39:84.3 ......................................... R.S. 39:136
 Former Part II-B
 R.S. 39:85 .................................................. None
 R.S. 39:85.1 .......................................... R.S. 39:32
 R.S. 39:85.2 ................................................ None
 R.S. 39:85.3 .......................................... R.S. 39:84
 R.S. 39:85.4 .......................................... R.S. 39:86
 R.S. 39:85.5 .......................................... R.S. 39:85
 R.S. 39:85.6 .................................. R.S. 39:84, 49:193
 R.S. 39:85.7 ................................................ None
 Former Part III
 R.S. 39:91 ............................................ R.S. 39:78
 R.S. 39:92 ............................................ R.S. 39:80
 R.S. 39:92.1 .......................................... R.S. 39:79
 R.S. 39:93 ............................................ R.S. 39:53
 R.S. 39:94 .................................................. None
 R.S. 39:95 ............................................ R.S. 39:73
 *Page 4 
LA R.S. T. 39, Subt. I, Ch. 1, Disp Table
LSA-R.S. T. 39, Subt. I, Ch. 1, Disp Table
 R.S. 39:96 .................................................. None
 R.S. 39:97 ..................................... R.S. 39:77, 39:82
 R.S. 39:98 ........................................... R.S. 39:243
 R.S. 39:98.1 ......................................... R.S. 39:244
 R.S. 39:99 ............................................ R.S. 39:78
 R.S. 3 9:100 ................................................ None
 R.S. 39:101 to 30:104[3] .................................. None
 Former Part IV
 R.S. 39:131 to 39:136[4] .................................. None
 R.S. 39:136.1 ......................................... R.S. 39:82
 R.S. 39:137 ................................................. None
 R.S. 39:138 .................................... See R.S. 49:308.1

[1] Former R.S. 39:21 and 39:22, were repealed in 1983; see notes under R.S. 39:21 and R.S. 39:22.
[2] Former R.S. 39:44.1 was repealed in 1983; see notes under R.S.39:44.1.
[3] Former R.S. 39:101 to 39:104 were repealed in 1977 and 1981; see notes under R.S. 39:101 to 39:104.
[4] Former R.S. 39:131 to 39:136 were repealed in 1976; see notes under R.S. 39:131 to 39:136.
LSA-R.S. T. 39, Subt. 1, Ch. 1, Disp Table, LA R.S. T. 39, Subt. I, Ch. 1, Disp Table
Current through all 2006 First Extraordinary, Regular and Second Extraordinary Session Acts